**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

GINELDA AMARO AMARO, et al.,

   Plaintiffs,

      v.    **Civil No. 05-2344 (GAG)**

CARIBBEAN RESTAURANTS LLC D/B/A
BURGER KING,

   Defendant.

## OPINION AND ORDER

Presently before the court is Caribbean Restaurants LLC d/b/a Burger King's ("Caribbean") motion for reconsideration (Docket No. 51). Caribbean challenges the court's ruling on the merits of her Title VII hostile work environment claim. Specifically, Caribbean contests the court's ruling that triable issues remain regarding whether knowledge of the alleged co-worker harassment may be imputed to Caribbean. After reviewing the parties' arguments and the applicable law, the court **DENIES** Caribbean's motion for reconsideration (Docket No. 51).

The court should rarely grant a motion for reconsideration. Such relief is "an extraordinary remedy which should be used sparingly." Palmer v. Champion, 465 F.3d 24, 30 (1st Cir. 2006). Typically, the court denies a motion for reconsider. Id. The court grants a motion for reconsideration only if the movant demonstrates the availability of newly discovered evidence, to correct a manifest error of law or fact, or due to an intervening change in the law. See Marks 3-Zet-Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15 (1st Cir. 2006); Jorge Rivera Surillo & Co. v. Falconer Glass Indus., 37 F.3d 25, 29 (1st Cir. 1994). A party may not use a motion for reconsideration to advance arguments that could or should have been presented earlier, to re-litigate matters the court has already decided, or simply to refute the court's prior ruling. See Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990); Sanchez Rodriguez v. Departamento de Correción y Rehabilitación, 537 F. Supp. 2d 295, 297 (D.P.R. 2008).

To prevail on a hostile work environment claim, Amaro must demonstrate that some factual

**Civil No. 05-2344 (GAG)**                                    2

basis for employer liability exists. See Valentin-Almeyda v. Municipality of Aguadilla, 447 F.3d 85, 94 (1st Cir. 2006). Here, Amaro can only establish Caribbean's liability for her co-workers' conduct by showing that the company knew or should have known of the harassment and failed to take appropriate steps to stop it. See Crowley v. L.L. Bean, Inc., 303 F.3d 387, 401 (1st Cir. 2002).

Caribbean argues that the court committed a manifest error of law in concluding triable issues remain regarding whether knowledge of the alleged co-worker harassment may be imputed to Caribbean. The company posits that because Amaro did not comply with the company's anti-harassment policy's reporting provisions, knowledge of the harassment Amaro endured cannot possibly be imputed to the company. The court disagrees with Caribbean's position, in light of the specific terms of the relevant anti-harassment policy and the specific facts of this case.

Caribbean's anti-harassment policy required employees to present their complaints in writing to the Director of Human Resources, Manuel Marrero Miranda, or to the Director of Administration, Vivian Ruiz. The written policy included contact information for Marrero and Ruiz. It also placed upon all management and supervisory employees a strict responsibility to notify Marrero or Ruiz of any harassment of which they gain knowledge. Specifically, the policy states: "ANY management or supervision employee has the strict responsibility to: . . . [] notify immediately the Director of Human Resources and/or the Management Director of any incident or suspicion of illegal discrimination, sexual harassment and harassment of a different nature, of which the person gains knowledge directly or indirectly." Docket No. 31, Exh. A, Attachment, § 4.2.

From March 2003 through March 2005, at least eight of Amaro's male and female co-workers called her derogatory and offensive names on a daily basis. Amaro never reported the comments to Marrero Miranda or Ruiz because she forgot the policy required her to do so. She did, however, report the comments to her supervisor. Amaro's supervisor did not notify anyone of Amaro's complaints; she failed to comply with her "strict responsibility" to notify immediately to the Director of Human Resources and/or the Management Director the harassment of which she gained knowledge. Under these circumstances, the question of whether knowledge should be imputed to Caribbean must go to the jury.

As discussed above, Caribbean has not demonstrated its entitlement to the "extraordinary

**Civil No. 05-2344 (GAG)**  3

remedy" of reconsideration.  <u>Palmer</u>, 465 F.3d at 30.  Accordingly, the court **DENIES** Caribbean's motion for reconsideration (Docket No. 51).

**SO ORDERED**.

In San Juan, Puerto Rico this 2nd day of September 2008.

*S/ Gustavo A. Gelpí*
GUSTAVO A. GELPÍ
United States District Judge